David W. Hamilton, Respondent, *v.* Niles-Bement-Pond Company et al., Appellants.

Negligence — Master and Servant — Erroneous Refusal to Charge. Where, on the trial of an action brought by an employee to recover for personal injuries alleged to have been received by him through the negligence of his employers in the moving of a crane on which he was working, the plaintiff makes no claim that the defendants were negligent in the manner in which the crane was moved, but only in moving the crane without warning to him, and the defendants' contention is that the plaintiff was informed that the crane was about to be moved and expressly consented that it could be moved, and the testimony is

conflicting, so that the questions of the defendants' negligence and the plaintiff's contributory negligence are for the jury, a refusal to charge "that if the plaintiff knew that the crane was to be moved he cannot recover," is erroneous, since the request involves the principal defense of the defendant.

*Hamilton* v. *Niles-Bement-Pond Co.*, 119 App. Div. 920, reversed.

(Argued April 22, 1908; decided May 19, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 28, 1907, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Clinton B. Gibbs* for appellants. It was reversible error for the court to decline to charge the jury that if the plaintiff knew the crane was to be moved he cannot recover. (*Morris* v. *Railway Co.*, 148 N. Y. 182; *Sullivan* v. *Dunham*, 10 App. Div. 438.)

*Adon W. Crosby* for respondent. It was not reversible error for the court to decline to charge the jury that if the plaintiff knew the crane was to be moved he cannot recover. (*Shilagi* v. *Degnon-McLean Co.*, 71 App. Div. 152.)

CHASE, J. This is an action for personal injuries. At the time of the accident the plaintiff was employed as a painter. He was lying, as was necessary for him at that time in the performance of his work, on top of an inclosure called a "cab" or "car" erected in connection with a crane which was carried on a movable bridge. When such car was moved its top passed only from two to five inches below the bottom of stationary trusses erected over such movable bridge. The bridge with said car and crane thereon was moved and the plaintiff was caught between the top of the car and the bottom of one of such trusses which was at right angles with the

movement of said bridge and he received the injuries for which this action is brought.

The only allegations of negligence in the plaintiff's complaint are as follows: "That while plaintiff was so lying (on said car) the defendants did without warning carelessly and negligently start or cause to be started, the said movable track, the result was that said car was forced under one of said trusses while plaintiff was lying upon the roof. *   *   * The crane then stopped a moment and plaintiff assumed a standing position on the top of said car.   Again without any warning to plaintiff whatever and before he had a chance to assume a position of safety, defendants carelessly and negligently caused the said movable track to be suddenly started throwing the plaintiff upon   *   *   *."

The testimony upon the trial was conflicting and the question of the defendants' negligence as well as the question of plaintiff's contributory negligence were for the jury.

At the close of the principal charge by the court to the jury the defendants' counsel requested the court to charge "That if the jury believed the testimony of the plaintiff that Stevens told him they were going to move the crane to let the man get a picture the plaintiff cannot recover." The court declined so to charge and the defendants' counsel then said: "I take an exception and request your honor to charge that if the plaintiff knew the crane was to be moved he cannot recover." To this request the court said: "No, that is the converse of the other proposition. I shall not charge it." To such refusal to charge the defendants' counsel again took an exception.

Stevens was in the employ of and had charge of the work for the defendants and the crane was moved at his request. The important question at issue was the alleged negligence of the defendants as stated in the complaint.   The defendants' contention on the trial was that the plaintiff was informed that the crane was about to be moved and that he expressly consented that it could be moved.   The plaintiff did not claim that the defendants were negligent in the manner in which the

crane was moved but in the fact that it was moved without warning to him.   The request to charge last mentioned involved the principal defense to the action and the refusal of the court to charge as so requested was error which requires a reversal of this judgment.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, VANN, WERNER, WILLARD BART-
LETT and HISCOCK, JJ., concur.

Judgment reversed, etc.